IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**HERC RENTALS, INC.**                                                              **PLAINTIFF**

**vs.**                                        **CIVIL ACTION No.: 3:23-CV-270-HTW-LGI**

**COMMUNITY CONSTRUCTION CO., LLC.**                      **DEFENDANT**

**ORDER**

BEFORE THE COURT are two motions: Defendant Community Construction, Co, LLC's ("CCI") Motion to Dismiss **[ECF No. 11]**; and Plaintiff Herc Rental, Inc's ("Herc") Motion to Strike exhibits attached to CCI's motion to dismiss **[ECF. No. 18].** Having reviewed the motions, responses, replies, exhibits, and applicable law, this Court finds as follows.

    **I.**     **BACKGROUND**

Herc, a nationwide equipment rental company, entered into an unsigned vehicle rental agreement with CCI in April 2020 for a Chevrolet Silverado pickup truck. The terms of this agreement, as alleged by Herc, included indemnification provisions requiring CCI to hold Herc harmless for damages arising out of CCI's use of the vehicle. The indemnification clause states:

*"Customer [CCI] agrees to indemnify, defend, and hold harmless Herc ... from all claims, damages, losses, and expenses ... arising out of Customer's possession, use, or operation of the Equipment."*

[See ECF No. 1-1].

CCI had rented vehicles from Herc on numerous prior occasions, establishing a pattern of business dealings between the two companies. [ECF No. 1-2]. The unsigned rental agreement in question was structured similarly to previous agreements between Herc and CCI.

1

On October 18, 2020, a CCI employee, while allegedly operating the vehicle outside the scope of his employment and for personal reasons, was involved in a fatal accident in Alabama. The accident resulted in a wrongful death lawsuit[1] in which CCI, the employee-driver, and Herc were named as defendants. The lawsuit alleged that Herc, as the owner of the vehicle, bore some liability for the accident.

Herc asserts that it was forced to incur significant legal costs before securing its dismissal from the underlying lawsuit. Additionally, because CCI was listed as an insured under Herc's commercial auto policy, the insurance carrier, ACE American Insurance Company ("ACE") provided a defense and ultimately settled claims on behalf of CCI and its employee. This settlement, however, triggered a contractual obligation requiring Herc to pay a $2 million insurance deductible under the ACE policy.

The vehicle in question had been in CCI's possession for several months prior to the accident, during which time CCI had made regular payments in accordance with the terms of the agreement. Between April and December 2020, CCI rented vehicles from Herc over 50 times. Each rental was governed by a written agreement with standardized terms, including payment schedules, authorized users, and the above-referenced indemnification clause.

On April 21, 2023, Herc filed the subject lawsuit against CCI, seeking reimbursement from CCI for the insurance deductible and legal expenses under the indemnification provision of the rental agreement. [ECF No. 1]. Herc contends that the unsigned rental agreement expressly requires CCI to indemnify Herc for all losses and liabilities arising from the use of the rented vehicle, including legal fees and settlement costs. CCI, in its Motion to Dismiss, argues that no enforceable contract existed at the time of the accident, as Herc cannot produce a signed rental

---

[1] *Estate of Savanna Lynch et al. v. Alex Rodriguez Solis, et al.* v. *Berkley National Ins. Co. et al.,* Circuit Court of Calhoun County, Alabama, Civil Action No. ll-cv-2020-900594 (the "Alabama Case" or "Ala. Case").

agreement predating the incident. Additionally, CCI contends that even if a contract existed, the indemnification clause does not expressly cover insurance deductibles.

CCI also asserts that Herc acted improperly in attempting retroactively to obtain a signed rental agreement after the accident. According to CCI, Herc sought to validate the existence of a contract by having a CCI representative sign a new rental agreement post-accident, which was then backdated to reflect the original rental period. CCI contends that this action demonstrates that Herc itself was uncertain as to the existence of a valid, signed agreement at the time of the accident. Herc, however, counters that the backdated signature was merely an administrative effort to document what was already an existing and enforceable agreement based on the parties' established course of dealing. Herc argues that even absent the backdated signature, CCI's continued possession and use of the vehicle, as well as its adherence to the agreed-upon payment structure, confirm the contractual relationship and obligations.

Lastly, Herc asserts that CCI benefitted from the unsigned rental agreement's terms by accepting insurance coverage under Herc's policy, which provided a legal defense and settlement assistance. Herc argues that CCI cannot accept the benefits of the agreement while simultaneously denying its enforceability.

CCI has now moved to dismiss the complaint, arguing that the rental agreement is invalid and that even if valid, it does not provide a basis for indemnification under Delaware law. Herc responded by filing a motion to strike the exhibits attached to CCI's Motion to Dismiss, arguing that they are extrinsic evidence not properly before this Court. The exhibits include email correspondences, internal company documents, unsigned agreements, insurance communications, and various legal pleadings from the underlying lawsuit [See ECF Nos. 11-1 through 11-27].

## II. JURISDICTION

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)[2], as the matter involves diversity of citizenship between the parties and the amount in controversy exceeds $75,000, inclusive of interest and costs. The parties are properly before the Court, with Herc being a citizen of Florida and CCI being a citizen of Mississippi.

## III. CHOICE-OF-LAW

A federal court sitting in diversity applies the choice-of-law rules of the forum state. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). This Court, therefore, must apply Mississippi's choice-of-law rules. Mississippi respects contractual choice-of-law provisions unless the application of the chosen law would violate a strong public policy of Mississippi. *Am. Guarantee & Liab. Ins. Co. v. ACE Am. Ins. Co.*, 65 So.3d 352, 363 (Miss. Ct. App. 2011). The party seeking to avoid the contractual choice of law bears the burden of demonstrating that the chosen law contravenes a fundamental Mississippi public policy.

Here, the Rental Agreement between the parties stipulates that it "shall be governed by and construed in accordance with the laws of the State of Delaware without regard to its rules of conflict of laws." [Doc. 1-1]. CCI has not argued, either in its motion to dismiss, or in subsequent briefing, that applying Delaware law to the interpretation of the contract's enforceability or scope of its indemnification provision would violate a fundamental public policy of Mississippi; therefore, this Court will honor the parties' contractual choice of law and apply Delaware law to

---

[2] Title 28 U.S.C. § 1332:
    The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between—
    Citizens of different States…

4

the substantive issues in dispute, specifically the enforceability and scope of the indemnification clause.

## IV. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure requires the Court to accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). Court may also consider documents outside the complaint when they are attached to the motion, referenced in the complaint, and central to the plaintiff's claims. *Maloney Gaming Mgmt., LLC v. St. Tammany Par.*, 456 F. App'x 336, 340 (5th Cir. 2011). Additionally, federal courts may take judicial notice of state court records when ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Alexander v. Desoto Cnty.*, No. 3:15-cv-179, at *7 n. 5 (N.D. Miss. 2016); *Weathers v. Region VI Cmty. Health Comm'n*, No. 4:22-cv-48, at *6 n. 3 (N.D. Miss. 2022).

When evaluating a motion to dismiss, the Court must determine whether the plaintiff has stated a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In this case, then, this Court must consider whether Herc's Complaint, when viewed in the light most favorable to Herc, alleges sufficient facts to support its claim for indemnification under the rental agreement. Further, this Court must assess whether the circumstances under which the agreement was signed and the lack of explicit language covering Herc's deductible are facts that render Herc's claim implausible.

### V. ANALYSIS

#### A. *Motion to Strike Extrinsic Evidence*

Herc moves to strike twenty-seven exhibits attached to CCI's Motion to Dismiss, arguing that they are extrinsic evidence not properly before the Court on a Rule 12(b)(6) motion. The exhibits include email correspondences, internal company documents, unsigned agreements, insurance communications, and various legal pleadings from the underlying lawsuit [See ECF Nos. 11-1 through 11-27][3].

The United States Court of Appeals for the Fifth Circuit consistently has held that courts may only consider the complaint, documents attached to the complaint, documents central to the claim, or matters subject to judicial notice. *George v. SI Grp., Inc.*, 36 F.4th 611, 619 (5th Cir. 2022). There are two recognized exceptions under which extrinsic evidence may be considered without converting a motion to dismiss into a motion for summary judgment: (1) documents attached to the motion that are referred to in the complaint and central to the plaintiff's claims, and (2) matters subject to judicial notice under Federal Rule of Evidence 201. See *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

CCI argues that the exhibits provide necessary context to understand its defenses. Under established Fifth Circuit precedent above, however, defenses cannot be adjudicated at the motion to dismiss stage through reliance on extraneous materials. Because none of the exhibits meets the exceptions for consideration on a motion to dismiss, they are hereby STRICKEN from the record.

---

[3] See also list at ECF No. 19, pp. 2-3.

### B. Motion to Dismiss

Under Delaware law, a contract may be formed through conduct demonstrating mutual assent, even in the absence of a signed written agreement. See *Eagle Force Holdings, LLC* v. *Campbell*, 187 A.3d 1209, 1229 (Del. 2018). Here, Herc has alleged that CCI accepted the terms of the rental agreement through its repeated course of dealing, possession of the vehicle, and compliance with payment obligations. These allegations are sufficient to establish a plausible claim for the existence of an enforceable contract.

Furthermore, Delaware law broadly construes indemnification provisions where the language of the agreement supports such an interpretation. See *Majkowski v. Am. Imaging Mgmt. Servs.*, LLC, 913 A.2d 572, 589 (Del. Ch. 2006); *Peloza v. American Planning Group, Inc.*, 3 A.3d 1126, 1131 (Del. 2010) (holding that indemnification clauses are generally enforceable if they use broad and inclusive language).

The indemnification clause at issue states:

"Customer [CCI] agrees to indemnify, defend, and hold harmless Herc … from all claims, damages, losses, and expenses … arising out of Customer's possession, use, or operation of the Equipment."

Courts routinely have held that provisions stating indemnification applies to "any and all claims, losses, and expenses" are valid and enforceable. See *Senior Housing Capital, LLC v. SHP Senior Housing Fund, LLC*, No. 4586-CS, 2013 WL 1955012 (Del. Ch. May 13, 2013). Given this precedent, the indemnification provision in the Herc-CCI agreement is sufficiently broad to encompass Herc's claim for reimbursement of its insurance deductible and legal expenses.

## VI.     CONCLUSION

Based on the analysis above,

IT IS ORDERED that Plaintiff Herc Rentals, Inc.'s Motion to Strike **[Doc. 18]** is GRANTED. The twenty-seven (27) exhibits submitted with CCI's Motion to Dismiss are stricken from the record.

IT IS FURTHER ORDERED that Defendant Community Construction Co., LLC's Motion to Dismiss **[Doc. 11]** is DENIED. Herc sufficiently has pled its claims for breach of contract and indemnification to survive CCI's 12(b)(6) Motion to Dismiss. This ruling is limited to whether Herc has plead plausible claims for breach of contract and indemnification; it is not a ruling on the merits, a matter to be settled at trial of the issues herein.

SO ORDERED this the 19th day of March, 2025.

/s/HENRY T. WINGATE
UNITED STATES DISTRICT COURT JUDGE